UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MICHAEL GREEN

                        Plaintiff,                                **AMENDED**

                                                           **COMPLAINT**

                                                            13 CV 6146 (ARR) (SMG)

      -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NY CITY POLICE OFFICERS ROBERT MOSCA,
MELISSA NAPOLI & BENJAMIN SOTO, in their individual and
official capacities as employees of the New York City Police Department

                                    Defendants.
-----------------------------------------------------------------------------------X

       The Plaintiff, Michael Green, by his attorney, Paul V. Prestia, Esq., of The Prestia Law Firm, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

       1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against NY City Police Officers Robert Mosca, Melissa Napoli and Benjamin Soto , police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

       2.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent

1

jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the defendants New York City Police Officers Robert Mosca, Melissa Napoli and Benjamin Soto , have their Precincts within the boundaries of the said District and because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4. Plaintiff is an African American and a resident of State of New York, County of Kings.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers Robert Mosca, Melissa Napoli and Benjamin Soto, (hereinafter MOSCA, NAPOLI and SOTO, respectively), were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by

virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

11. On August 31, 2012, Plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

12. The Notice of Claim was in writing, sworn to by Plaintiff, containing the name and address of the Plaintiff, and the name and address of Plaintiff's attorney.

13. The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

14. The City of New York has failed to adjust the claims within the statutory time period.

15. This action is being commenced within one year and ninety days after the happening of the event upon which the claims are based. Plaintiff caused the Notice of Claim to be served upon Defendant the City of New York.

16. A 50- H hearing of Plaintiff was conducted on December 31, 2012.

## AUGUST 11, 2012- FACTUAL ALLEGATIONS

17. On August 11, 2012 at approximately 5:30pm, Plaintiff was at a barbeque with friends at or about Moore Street, Brooklyn, NY, when without cause or justification or permission defendants MOSCA and NAPOLI approached and detained Plaintiff.

3

18. Without cause or justification, Plaintiff was handcuffed by defendant NAPOLI, pushed to the ground and kicked several times in the stomach by defendant MOSCA.

19. Plaintiff was taken to PSA3 Precinct, in Kings County, NY.

20. On August 12, 2012, without cause or justification, Plaintiff was then transported to Central Booking.

21. Without cause or justification, Plaintiff was searched again at Central Booking.

22. Plaintiff was released from Kings County Criminal Court on August 12, 2012 at approximately 7:30p.m, as all charges we dismissed against Plaintiff.

23. Plaintiff was in custody for approximately 26 hours.

24. Plaintiff sought medical attention for his injuries on August 13, 2012 at Woodhull Hospital.

25. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

## AUGUST 29, 2012- FACTUAL ALLEGATIONS

26. On August 29, 2012, approximately between 9:00 pm, Plaintiff was walking home after buying diapers for his child and was at or about Siegel Street and Graham Avenue, Brooklyn, NY.

27. Plaintiff was approached by Defendant Officer SOTO and an unidentified officer, who detained Plaintiff.

28. Defendant Officer SOTO ordered plaintiff to put his hands against the wall. As Plaintiff faced the wall , the unidentified officer searched Plaintiff. Defendant Officer SOTO then slammed Plaintiffs face against the wall, causing plaintiff's lips, nose and eye to bleed.

29. Defendants did not find anything illegal on plaintiff and left the scene.

30. Plaintiff was never charged for this incident.

31. Plaintiff went to Woodhull hospital on August 30, 2012 for treatment of his injuries.

32. Plaintiff filed a complaint with the Civilian Complaint Review Board of the City of NY based on the above- two incidents.

33. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

## FIRST CAUSE OF ACTION
### (False Arrest Under Federal Law)

34. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 33 of this complaint as if fully set forth herein.

35. The acts and negligence of the Defendant Officers, committed under color of law and under their authority as City of New York police officers, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff and were designed to and did cause emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff. The aforesaid actions of the defendants were in violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

36. As a consequence thereof, Plaintiff was injured and claims damages under 42 U.S.C. § 1983 for the above-referenced injuries.

## SECOND CAUSE OF ACTION
### (Federal Civil Rights Violation)

37. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 36 of this complaint as if fully set forth herein.

38.     The acts and negligence of the defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff, who is African-American, were motivated by racial animus, were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

39.     As a consequence thereof, Plaintiff has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

### THIRD CAUSE OF ACTION

### (False Arrest Under State Law)

40.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 39 of this complaint as if fully set forth herein.

41.     The acts of the Defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff in violation of his rights to be free from unreasonable search and seizure, to equal protection of the laws, and to not be deprived of his liberty without due process of law, as guaranteed by Article I, Sections 6, 11, and 12 of the Constitution of the State of New York.

42. As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

## FOURTH CAUSE OF ACTION

**(NY State Civil Rights Violation)**

43. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 42 of this complaint as if fully set forth herein.

44. The acts of the Defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and falsely imprisoning Plaintiff were motivated by racial animus, were done without lawful justification, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff in violation of his right to not be discriminated against in his civil rights because of his race or color as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

45. As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

## FIFTH CAUSE OF ACTION

**(EXCESSIVE FORCE)**

46. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 45 of this complaint as is fully set forth herein.

47. The individual officers use of force upon plaintiff as described herein, and the individual defendant police officer's failure to intervene, was objectively unreasonable.

48. Moreover, said conduct by defendants caused physical pain and suffering to plaintiff and caused plaintiff to seek medical attention for same.

49. Accordingly, the police officers are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution.

## SIXTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

50. Paragraphs 1 through 49 are incorporated herein by reference.

51. On information and belief, prior to and including August 11, 2012, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

52. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

53. On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

54. On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that

8

would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

55. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

56. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

57. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

58. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

59. The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff and as a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## SEVENTH CAUSE OF ACTION

**(Malicious Prosecution Under State Law))**

60. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 59 of this complaint as if fully set forth herein.

61. The individual defendants are liable to plaintiff for malicious prosecution of his August 11, 2012 arrest, because pursuant to a conspiracy, and acting with malice, the defendant initiated a malicious prosecution against plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s) alleging plaintiff had committed various crimes, maliciously representing to the court that they would be 'ready' for trial , when in fact, they never were, seeking long, undue, adjournments of these cases to procure a guilty plea from plaintiff; and based upon these false statements, prosecutors prosecuted plaintiff until the case against plaintiff were dismissed in their entirety.

62. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

63. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s) and pursuing said prosecutions despite knowing they did not have the requisite probable cause to successfully prosecute plaintiff.

64. As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

## EIGHTH CAUSE OF ACTION

**(Malicious Prosecution Under Federal Law)**

65. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 64 of this complaint as if fully set forth herein.

66. The individual defendants initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

67. The individual defendants in initiating the above-stated malicious prosecution used such to cover up their illegal and unconstitutional conduct and force plaintiff into confessing to a crime he did not commit.

68. The acts and negligence of the individual defendants in falsely charging, imprisoning and maliciously prosecuting plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and emotional harm and distress, mental anguish, fear, pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

69. As a consequence thereof, plaintiff has been injured, and plaintiff, claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: June 2, 2014
New York, New York

/s/
_____
Paul V. Prestia, Esq.
The Prestia Law Firm, P.L.L.C.
65 Broadway, Suite 716
New York, New York 10006
212.430.6313
pprestia@prestialaw.com
Attorney for Plaintiff